IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) DAYTON SUPERIOR CORPORATION, ) ) ) Defendant. ) _____ ) | CIVIL ACTION NUMBER: 2:12-CV-00227 JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to the Charging Party, Chassity Brady ("Ms. Brady"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Dayton Superior Corporation ("Defendant") terminated Ms. Brady from her employment because of her disability, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Gainesville Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Dayton Superior Corporation has continuously been a corporation doing business in the State of Georgia, and the city of Braselton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Dayton Superior Corporation has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Dayton Superior Corporation has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **STATEMENT OF CLAIMS**

7. More than 30 days prior to the institution of this lawsuit, Ms. Brady filed a charge of discrimination with the Commission alleging violations of the ADA, as amended. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least August 2011, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by terminating Ms. Brady because of her disability, and/or because it regarded her as having a disability.

9. Ms. Brady was hired by Defendant in June 2010 as a Machine Operator Class I.

10. Within five months, she was promoted twice by Defendant and last held the position of Quality Control Laboratory Technician.

11. Ms. Brady has an impairment that substantially limits her in the major life activities of neurological and brain functioning, concentrating and interacting with others.

12. Ms. Brady first informed Defendant of her disability through a post-hire physical exam.

13. During her employment with Defendant, Ms. Brady never missed any time from work due to her disability.

14. On August 16, 2011, while at work, Ms. Brady had an adverse reaction to new medication that was prescribed by her doctor for her disability.

15. Ms. Brady's supervisor and co-workers noticed during the morning that she appeared to be stumbling and that she had slurred speech and blood shot eyes.

16. However, no Defendant employee stated that they feared for their safety as a result of Ms. Brady's behavior and no medical assistance was summoned for her.

17. During the afternoon, Ms. Brady's supervisor, Eric Harris, escorted her to the Human Resources Manager, suspecting that Ms. Brady was under the influence of drugs and/or alcohol. After getting Ms. Brady's consent, the HR Manager and an employee drove Ms. Brady to the medical center for a drug test.

18. While on the way to the medical center, Ms. Brady identified her disability for the HR Manager and employee and called her doctor. Based on her conversation with her doctor, Ms. Brady informed them that she was having an adverse reaction to the medication prescribed by her doctor. However, they ignored her and continued to the medical center for the drug test.

19. After Ms. Brady completed the drug test, the HR Manager and employee drove her back to work. Ms. Brady was then immediately suspended by Defendant.

20. While on suspension, a Defendant official called Ms. Brady and informed her that the drug test results revealed that she was taking medication. However, the test results were negative for any illegal substances.

21. Ms. Brady told the Defendant official that she was taking the medication as prescribed by her doctor for her disability. However, the official told Ms. Brady that she could not work and take medication. When Ms. Brady told the official that Defendant could not fire her for taking prescribed medication, the

official replied Ms. Brady would thus be terminated for bad behavior.

22. Defendant unlawfully terminated Ms. Brady because of her disability, the symptoms of her disability, and/or because of the fact that she is required to take prescription medication to control the symptoms of her disability.

23. The effects of the practices complained of in Paragraphs 8-22 have been to deprive Ms. Brady of equal employment opportunities and, otherwise, adversely affect her status as an employee because of her disability.

24. The unlawful employment practices complained of in Paragraphs 8-22 were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Brady.

25. The effects of the practices complained of in paragraphs 8-22 have been to inflict emotional pain, suffering, and inconvenience upon Ms. Brady and deprive her of the financial and other benefits of working for Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination against employees, and engaging in any other employment practices that discriminate on the basis of disability.

B.	Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make whole Ms. Brady, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.	Order Defendant to make whole Ms. Brady by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.	Order Defendant to make whole Ms. Brady by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.	Order Defendant to pay Ms. Brady punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                              Respectfully submitted,

                              P. DAVID LOPEZ
                              General Counsel

                              JAMES L. LEE
                              Deputy General Counsel

                              GWENDOLYN YOUNG REEMS
                              Associate General Counsel

09/26/12                      s/ Robert K. Dawkins
Date                          ROBERT K. DAWKINS
                              Regional Attorney
                              Georgia Bar No. 076206
                              robert.dawkins@eeoc.gov

                              Ottrell Edwards
                              Supervisory Trial Attorney
                              Georgia Bar No. 141979
                              ottrell.edwards@eeoc.gov

                              Lakisha Duckett
                              Trial Attorney
                              Georgia Bar No. 231641

lakisha.duckett@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905

9