**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY  COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 2:12-cv-00227-RWS** |
| | ) | |
| **DAYTON SUPERIOR** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter the "EEOC") against Defendant Dayton Superior Corporation (hereinafter the "Defendant") pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a) (hereinafter referred to as the "ADA"), as amended, and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

This Court has jurisdiction over the subject matter of this action and over the parties to this action.

The Commission alleged in its Complaint that Defendant acted unlawfully by discriminating against Chassity Brady based on her disability in violation of the ADA.  The Commission sought make-whole relief including, but not limited to, compensatory damages, punitive damages, injunctive and other affirmative relief.  The Defendant filed its Answer, denying that it violated the ADA or that the Commission and Ms. Brady are entitled to any relief.

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree, and the undertakings made by Defendant hereunder, are in settlement and compromise of disputed claims of disability discrimination in violation of the ADA.  All of the parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in a Consent Decree that will promote and effectuate the purposes of the ADA.  This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant, but rather constitutes the good faith settlement of disputed claims.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of the ADA.

Now, therefore, this Court, being fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

## I.     **NON-DISCRIMINATION**

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, shall not discriminate against any individual because of a disability.  Defendant warrants that it will comply with the ADA, and that all employment practices shall be conducted in a manner that does not discriminate on the basis of disability.

## II.    **NON-RETALIATION**

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, shall not retaliate against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree. Defendant acknowledges its obligation not to retaliate or take any adverse action against any employee or applicant in the future because any such individual has filed a charge or opposed a practice believed to be in violation of the ADA.

## III.   DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this action, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case.  Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## IV.   NOTICES TO BE POSTED

Defendant shall keep posted at its Braselton, Georgia facility the notice required to be posted pursuant to Section 106 of the ADA, and, for at least two (2) years immediately following the entry of this Consent Decree, shall also keep conspicuously posted a copy of the Notice attached to this Consent Decree at such facility.  Within forty-five (45) days from the entry of this Consent Decree, Defendant shall instruct its management and supervisory personnel at its Braselton, Georgia facility regarding the full meaning of the notice and this Consent Decree. The posting required by this section shall be conspicuously made on bulletin boards or locations selected so that each employee at the Braselton, Georgia facility will observe at least one such posting when at the facility.  Defendant shall

certify the completion and locations of the posting and instruction to the Commission within forty-five (45) days from the entry of this Consent Decree.  All written certifications required by this Section shall be addressed to Robert Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

Defendant shall not withhold the right of the Commission to enter upon Defendant's Braselton, Georgia premises, with reasonable notice, to monitor compliance with this Section.  Should the Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the Notice is immediately posted in the same manner as heretofore specified.

## V.  <u>INSTRUCTION TO MANAGEMENT</u>

Within forty-five (45) days from the entry of this Consent Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its Braselton, Georgia facility have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by the ADA.  All written certifications required by this section shall be

addressed to the Regional Attorney at the EEOC's Atlanta District Office at the above-referenced address.

## VI.    REPORTING REQUIREMENT

For the duration of the term of this Consent Decree, Defendant agrees that any complaint arising at its Braselton, Georgia facility, and brought to the attention of management by any employee(s) against any other employee(s) or manager(s) alleging disability discrimination shall be reported to the Regional Attorney in the Atlanta District Office.  Every six (6) months for the duration of this Consent Decree, Defendant shall submit a summary report to the Regional Attorney indicating whether any employee has complained of disability discrimination, regardless of whether the complaint was made formally or informally.   If an employee has so complained, then the summary report shall state in written form the following:

(a) The date of the complaint or report,

(b) The name of the person making the complaint or report,

(c) The name and title of the person against whom the complaint or report was made,

(d) The nature of the complaint or report,

(e) The name and title of the Defendant's official who learned of the complaint or report,

(f) What, if any, action was taken by Defendant in response to the complaint or report (e.g. employee discipline), and

(g) A description of how the complaint or report was resolved by Defendant.

The report should be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address.

## VII.  MONETARY RELIEF

Defendant, in settlement of all alleged claims in this action, shall provide to Charging Party Chassity Brady the sum of $50,000.00 as follows: (a) the sum of $12,500.00, less applicable statutory deductions, including state and federal income taxes and Social Security taxes, for Ms. Brady's alleged lost wages; and (b) the sum of $37,500.00 for Ms. Brady's alleged compensatory damages.  The checks to Ms. Brady will be mailed within ten (10) working days after entry of this Consent Decree to Robert Dawkins, Regional Attorney in the EEOC Atlanta District Office at the above-referenced address.

## VIII.  TRAINING

Defendant shall, in an appropriate location, hold one (1) training session for

all of its employees employed at its Braselton, Georgia facility per year for the next two (2) years, the cost of which shall be borne by Defendant.  Said training session shall address the Defendant's and its employees' equal employment opportunity obligations pursuant to the ADA, including, but not limited to: (a) the company's obligation not to discriminate or retaliate against any employee in violation of the ADA; and (b) the employer's obligation to provide a reasonable accommodation to disabled employees. The first training session shall be completed within sixty (60) days of the Court's entry of this Consent Decree.

Defendant shall provide written certification to the EEOC of training completed pursuant to this Section VIII within thirty (30) days following completion of training. The certification shall include the names and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training.  If written training materials are utilized, the Commission shall be supplied with a copy prior to the training.

## IX.   <u>DISPUTE RESOLUTION</u>

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before

seeking enforcement through the judicial process.  The Commission will notify Defendant in writing by certified mail to Frederick T. Smith if it has any reason to believe that any action or omission by Defendant is in violation of the Consent Decree.  Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney of the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report the Commission concludes that the deficiency has not been satisfactorily cured by Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process. Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter that occurred during the term of this Decree and which constitutes a dispute as contemplated by Section IX from being fully and completely processed in the manner described in Section IX, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## X.     COMPLIANCE OFFICIAL

Frederick T. Smith shall be responsible for compliance with this Consent Decree, and shall also be responsible for coordinating and overseeing Defendant's compliance with this Consent Decree.

## XI.    TERM OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree.  If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twenty-four (24) calendar months from the date of entry of this Consent Decree, unless the Court acts or the EEOC has, prior to the expiration

of said twenty-four (24) month period, moved to enforce compliance with the Consent Decree.  If this Court acts or the EEOC has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twenty-four (24) month period have been resolved.  Therefore, this Court shall retain jurisdiction over this action as described above and shall thereafter dismiss this cause with prejudice in accordance with Court procedures.

## XII.  OTHER ACTIONS

The EEOC shall not commence or prosecute against Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arise out of EEOC Charge Number 410-2012-00107, the EEOC's investigation of the charge, or this lawsuit.  This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant in accordance with standard EEOC procedures, and to commence civil actions pursuant to Section 17(a) of the ADA on any such charge. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in

Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990, as amended; or the regulations promulgated pursuant thereto. Nothing herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Decree.

## XIII.  MISCELLANEOUS PROVISIONS

The EEOC and Defendant shall each bear their own respective costs and attorneys' fees for this action.

The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Consent Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Consent Decree.

The parties hereto and undersigned attorneys of record for the EEOC and Defendant in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT:**

Counsel for Plaintiff:                    s/Robert Dawkins
                                          Robert Dawkins
                                          Regional Attorney
                                          Georgia Bar No. 076206
                                          Lakisha Duckett
                                          Trial Attorney
                                          Georgia Bar No. 231641
                                          EEOC - ATLANTA DISTRICT
                                          OFFICE
                                          100 Alabama Street, SW
                                          Suite 4R30
                                          Atlanta, Georgia 30303
                                          Telephone: (404) 562-6818
                                          Facsimile: (404) 562-6905


Counsel for Defendant:                    s/Frederick T. Smith
                                          Frederick T. Smith, Esq.
                                          Georgia Bar No. 657575
                                          fsmith@seyfarth.com
                                          Jeffrey B. Sand, Esq.
                                          Georgia Bar No. 181568
                                          jsand@seyfarth.com
                                          Seyfarth Shaw LLP
                                          1075 Peachtree Street, N.E.
                                          Suite 2500
                                          Atlanta, Georgia 30309-3962
                                          Telephone: (404) 885-1500
                                          Facsimile: (404) 892-7056


APPROVED, DONE, and SIGNED this _____ day of _____, 2012.

13

_____
District Judge
U.S. District Court of Georgia
Northern District of Georgia, Gainesville Division

# <u>N O T I C E</u>

1.      This notice to all employees of Dayton Superior Corporation (the "Company") is being posted as part of an agreement between the Company and the United States Equal Employment Opportunity Commission ("EEOC").

2.      Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions and privileges of employment.

3.      The Company supports and will comply with such Federal Law in all respects and will not take any action against employees because of their race, color, religion, sex, pregnant condition, national origin, disability or age or because they have exercised their rights under the law.

4.      Employees or job applicants are encouraged to report complaints of discriminatory treatment to the Company's Human Resources Department at any time.  Individuals are also free to make complaints of employment discrimination to the EEOC at www.eeoc.gov or at 1-800-669-4000.

Signed this _____ day of _____, 2013.

_____

On Behalf of Dayton Superior Corporation

**DO NOT REMOVE THIS NOTICE**